UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RAFAEL ARDEN JONES, SR.,

                Plaintiff,

    - against -

JANE DOE, New York City Criminal Justice
Coordinator,

                Defendant.
------------------------------------------------------x

**TRANSFER ORDER**
21-CV-6035 (PKC)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Rafael Arden Jones, Sr. filed this action, *pro se*, alleging violations of his federal constitutional rights and "workmans compensation laws." (Complaint ("Compl."), Dkt. 1, at ECF 2.[1]) Plaintiff is currently incarcerated at a facility on Rikers Island. (*Id.* at ECF 7.) The bulk of Plaintiff's complaint appears to allege that he represented himself in several legal actions and argues that he should be compensated for his legal work under federal workers' compensation laws. (*Id.* at ECF 4–5.) Plaintiff now requests a change of venue to the Southern District of New York. (Dkt. 7-1.)

    Plaintiff alleges that the legal services were provided in both Bronx County, which is in the Southern District of New York, and Queens County, which is in the Eastern District of New York. (Compl., Dkt. 1, at ECF 4.) Liberally construed, however, Plaintiff's complaint also includes allegations of constitutional violations properly brought under 42 U.S.C. § 1983. For example, Plaintiff appears to allege that the arrest underlying his current incarceration was the result of racial discrimination (*id.* at ECF 5), and it is apparent from another case filed by Plaintiff

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

that the events underlying his arrest occurred in Bronx County, *see Jones v. Dunbar*, 21-CV-6036 (PKC), at *2–3 (E.D.N.Y. Nov. 4, 2021). Accordingly, the Southern District of New York would unquestionably be an appropriate venue for Plaintiff's potential § 1983 claims, *see* 28 U.S.C. § 1391(b)(2), and likely the most convenient venue for the parties and any witnesses. Venue for Plaintiff's potential § 1983 claims would be proper in this venue only if all Defendants reside in New York and one resides in the Eastern District, *see* 28 U.S.C. § 1391(b)(1), and it is unclear at this juncture who the appropriate Defendants will be, let alone their residences. In order for Plaintiff to be able to purse all of his claims without further administrative hurdles, the Court thus finds that this case should be transferred to the Southern District of New York.

Accordingly, in the interest of justice, the Clerk of Court is hereby directed to transfer this action to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1404(a). The decisions on Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, request for pro bono counsel, and enforcement of the Prison Litigation Reform Act are reserved for the transferee Court. The Court offers no opinion on the merits of the action. The provision of Local Rule 83.1 that requires a seven-day stay is hereby waived. Summonses shall not issue from this Court and the Clerk of Court is directed to mark this case closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 4, 2021
         Brooklyn, New York